97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie Foster SELLERS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-1604.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1996.*
Decided Sep. 12, 1996.
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Willie Sellers brought suit under the Federal Tort Claims Act, claiming in part that the Bureau of Prisons (BOP) lost, misplaced, or destroyed forty-one law books seized from him in 1983 when he resided at the United States Penitentiary at Marion. Originally the district court did not make findings regarding the law books. We reversed and remanded for further factfinding. Sellers v. United States, 902 F.2d 598, 601 (7th Cir.1990). The district court proceeded to make findings, but we held that they were lacking in particularity and again remanded for further factfinding. Sellers v. United States, No. 93-1780 (7th Cir. May 25, 1994) (unpublished order). On remand, the district court found additional facts and again determined that plaintiff had not proven that his books were lost, stolen, or destroyed while in the possession of the BOP.[1]
 
 
 2
 Marion was put on lockdown on November 8, 1983, and Sellers's possessions were seized from his cell and taken, along with the property of 300 other inmates, to the prison gymnasium. As discussed in the first stage of this case, some of Sellers's property was lost, 902 F.2d at 598, but the rest was inventoried on December 1 and 7, 1983. These inventory sheets show that Sellers owned thirty-three hardback books and eight softcover books, which were placed in storage, on those dates. On December 28, 1983, Sellers possessed eight "handbooks" in his cell.
 
 
 3
 The district court held that plaintiff had not proven that his books were lost, misplaced, or stolen because "any and all books seized from the plaintiff on November 8, 1983, were accounted for when subsequent inventories were performed on December 1, 7, and 28, 1983." Sellers, however, does not claim that the books seized on November 8 were lost because they were not accounted for in the December inventories. Rather, he asserts that the BOP had responsibility for forty-one law books as listed on the December 1 and 7 inventory sheets, that those books did not follow him to the penitentiary at Lewisburg when he was transferred in 1985, and that he has never received those books.
 
 
 4
 Defendants state that the district court, based on the evidence, adopted its theory, "that the books seized on November 8, 1983, were accounted for in the December 1 and 7, 1983, inventories, and that those books were returned to the plaintiff." Appellee Brief at 9. The district court's findings to date, however, do not support this conclusion; the additional findings of fact shed some light upon the problem, but they ultimately fail to address Sellers's contentions. Most importantly, there are no findings about the disposition of the forty-one law books concededly in the BOP's possession on December 1 and 7, 1983,[2] beyond findings that Sellers had thirty-three books in storage at Marion on June 6, 1984, and thirty-six books in storage at Marion on April 16 and May 1, 1985, approximately the time he was transferred to Lewisburg.
 
 
 5
 Although we are sympathetic to the difficulties the district court has encountered in this extended litigation and appreciative of its diligent efforts to resolve this case, we hold that, unless the district court can find that the books were shipped from Marion to Lewisburg and returned to Sellers, it must enter judgment for Sellers.
 
 
 6
 The judgment of the district court on this question is VACATED, and the case REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In its order the district court also dismissed a Bivens claim, but the only question on appeal concerns its findings regarding the law books
 
 
 [2]
 The district court did make findings about the numbers of books in Sellers's possession on various dates in 1986 and 1987, but it did not find that those books were the same books that were seized at Marion